## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : Criminal No. 06-352 | **FILED** |
| **v.** | : | **DEC 2 1 2006** |
| **DAVID T. HACKNEY,** | : | NANCY MAYER WHITTINGTON, CLERK |
| **Defendant.** | : | U.S. DISTRICT COURT |

### STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Dr. David T. Hackney agrees and stipulates as follows:

Medicare is a federally-funded health care benefit program, established by the federal government which provides reimbursement for medical care to the aged and to certain disabled persons under age 65. The Medicare program is administered by the United States Department of Health and Human Services (HHS). Medicare Part D indirectly reimburses pharmacies and other dispensers through prescriptions drug plans for prescription drugs which are prescribed by physicians for the benefit of the patients, ordered within the scope of the physician's practice, and which are medically necessary.

Medicaid is a health care benefit program, jointly funded by the federal government and the District of Columbia, created to provide medical assistance and other benefits for certain individuals and families, typically those with low incomes and a lack of financial resources. In the District of Columbia, the Medicaid program is administered by the Medical Assistance Administration (MAA) which is located within the District of Columbia's Department of Health. Medicaid reimburses pharmacies which dispense medicine to Medicaid patients if the medicine is prescribed by physicians for the benefit of the patients, ordered within the scope of the physician's practice, and is medically necessary.

The Drug Enforcement Administration (DEA) is an agency of the United States which, among its other duties, regulates the dispensing of controlled substances. DEA registers medical doctors, giving them a "DEA number." If a medical doctor holds a current "DEA number," then the medical doctor may prescribe controlled substances. Oxycodone is a Schedule II controlled substance. Oxycodone is a narcotic pain management medicine and is prescribed in varying strengths and may come in various brands or combined with other medicines, for example, Percocet, Endocet, Roxicet, or Oxycontin.

The defendant, David T. Hackney, was a licensed medical doctor in the District of Columbia, with a psychiatric practice. From 1992 to May 2005, the defendant worked for the Center for Mental Health seeing patients with psychiatric issues. The Center for Mental Health was a Medicaid provider and treated Medicaid beneficiaries. The defendant had access to the patients' names and Medicaid numbers, as well as other identifying information.

The defendant's DEA number expired on October 31, 2005. From August 2005 to May 2006, the defendant used names of Medicaid and Medicare beneficiaries in order to obtain oxycodone from pharmacies which then charged Medicaid or Medicare for the prescriptions. Generally, when the defendant arrived at a pharmacy he would inquire as to the availability of a oxycodone product; typically, the defendant requested the higher strength tablets. The defendant would then write a prescription for a large number of tablets containing oxycodone; many times he would wait for the prescription to be filled, pick up the prescription, sign the pharmacy's log, and would then leave the pharmacy with the oxycodone.

The beneficiaries whose names were used by the defendant to obtain the oxycodone prescriptions did not in fact receive the oxycodone. The pharmacy billed Medicaid (and in one instance Medicare) for the prescriptions as they were under the false understanding that the

beneficiaries would be receiving the medication.

In addition, the defendant wrote prescriptions for Schedule II controlled substances without proper and current registration with DEA. Specifically, the defendant wrote ~~51~~ multiple *VC* *NWO* prescriptions for oxycodone, including ~~20~~ many *VC* for Percocet, from November 1, 2005 to May 2006, all *OR* the while lacking a valid, current, DEA registration number.

On September 7, 2006, the DEA received an application for a renewal of the defendant's DEA registration. Later, the defendant spoke with a diversion investigator at DEA. The defendant told the investigator that he was practicing at two locations, providing psychiatric services and counseling. When asked, the defendant said that he wrote prescriptions for various controlled substances (within the usual course of medical practice of psychiatry) and "very rarely for Percocet."

In October 2006 the defendant spoke with a special agent of HHS's Office of Inspector General, a diversion investigator from DEA, and a detective from Metropolitan Police Department. He told the law enforcement agents that he used his former patients' names and identifiers to obtain oxycodone. He admitted that he did not give the oxycodone to the patients.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By:  _____

VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: _12/21/06_          X _____
                              David T. Hackney
                              Defendant

I have discussed this Statement of Offense with my client. I concur with his decision to stipulate to this Statement of Offense.

Date: _11·21·06_          _____
                              David W. Bos, Esq.
                              Attorney for the Defendant