

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 15, 2006

**FILED**

DEC 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

David W. Bos, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W. Suite 550
Washington, D.C. 20001

06-352

        Re:    <u>Dr. David T. Hackney</u>

Dear Mr. Bos:

      This letter sets forth the full and complete plea offer to your client, Dr. David T. Hackney ("your client"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on December 1, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.    **Charges and Statutory Penalties**

      Your client agrees to waive indictment and plead guilty to a two count Information charging 18 U.S.C. Sections 1347 and 21 U.S.C. Section 843(a)(3) and (d) (health care fraud and obtaining a controlled substance by fraud). Your client understands that 18 U.S.C. Section 1347 carries a maximum sentence of ten years imprisonment and 21 U.S.C. Section 843(a)(3) and (d) carries a maximum sentence of four years imprisonment. Both sections carry a possible fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

2.    **Factual Stipulations**

      Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading

guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3. **Sentencing Guidelines Stipulations**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2005 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

A. **Offense Level under the Guidelines**

18 U.S.C. Section 1347
§2        2B1.1
                (a) Base Offense Level                                6
                (b)(1) Loss of $5,000 or less                         0

21 U.S.C. Section 843(a)(3)
§2        2D2.2
                (a) Base Offense Level                                8

Pursuant to Section 3D1.2, offenses under 18 U.S.C. Section 1347 and 21 U.S.C. Section 843(a)(3) do not group as closely related counts. Therefore, pursuant to Section 3D1.4, two levels are added to the offense with the highest offense level, that is 8, to result in a subtotal offense level of 10.

                                                Subtotal              10

§3        3B1.3   Abuse of Position of Trust                          2

                                                Total                 12

In the event that this plea offer is either not accepted by your client or is accepted by your client but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

B. **Acceptance of Responsibility: 2-point reduction:** The Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, and provided that your client continues to show his acceptance of responsibility, as set forth in U.S.S.G. § 3E1.1, by: (a) cooperating with the presentence report writer (including answering all

material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court.

In accordance with the above, the applicable **Guidelines Offense Level is 10.**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

4. **Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information about your client's criminal history category. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (b) engaged in additional criminal conduct after signing this Agreement. The government reserves its full right of allocution, including, among other things, the right to inform the presentence report writer of any relevant facts and to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

5. **Court Not Bound by the Plea Agreement**

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

6. **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

7. **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. The parties agree that the amount of restitution is $1,791.96.

8. **Financial Arrangements:**

Your client agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $200.00, to cover the special assessments, as required in 18 U.S.C. § 3013. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

9. **Appeal**

It is agreed (i) that your client will not file a direct appeal of any sentence within or below the Stipulated Guidelines Range set forth above and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. It is further agreed that any sentence within the Stipulated Guidelines Range is reasonable. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

10. **Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

11. **Cooperation**

   Your client agrees to cooperate with the government on the following terms and conditions:

   A. Your client shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Your client acknowledges that his cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, taking government-administered polygraph examination(s), and participating in covert law enforcement activities.

   B. Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Your client further agrees to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime.

   C. Your client shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which his testimony may be deemed relevant by the government.

   D. Your client shall not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

   E. Your client agrees not to disclose to any person or entity the fact of or details regarding his cooperation with law enforcement authorities.

   F. Your client understands and acknowledges that nothing in this agreement allows him to commit any criminal violation of local, state, or federal law during the period of his cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of his cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, Your client acknowledges and agrees that such a breach of this agreement will not entitle him to move to withdraw his plea of guilty. Your client further understands that, to establish a breach of this agreement, the government need only prove his commission of a criminal offense by a preponderance of the evidence.

12. **Departure Committee**

   At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by Your client to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's

Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Your client further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for your client to move to withdraw his/her plea of guilty in this case.

13.   **Use of Certain Information**

The United States and your client hereby agree that since your client has agreed to cooperate with the United States, information provided by your client shall not be held against him for purposes of calculating his sentence (see Sentencing Guidelines Section 1B1.8), and will not otherwise be used against him, except as follows:

A. information that was known to the United States prior to the date this plea agreement was agreed to by Your client may be used directly and indirectly against Your client in any criminal proceeding;

B. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by Your client as part of his cooperation may be used directly and indirectly against him; and

C. if there is a breach of this agreement by Your client, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by Your client directly and indirectly at any subsequent proceeding.

14.   **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; ( c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## 15. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## 16. Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## 17. Presence of Counsel

At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Your client shall be entitled to the presence, advice, and assistance of counsel, unless waived.

18.   **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:
VIRGINIA CHEATHAM
Assistant U.S. Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 12-21-06

_____
Dr. David T. Hackney
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12-21-06

_____
David W. Bos, Esquire
Attorney for the Defendant